**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUCIA GUADALUPE RODRIGUEZ ALVAREZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA J. BONDI, Attorney General, <br><br> Respondent. | No. 22-2028 <br><br> Agency No. A201-155-089 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges

Petitioner Lucia Guadalupe Rodriguez Alvarez, a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

of her motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion, setting aside a denial only if it is "arbitrary, irrational, or contrary to law." *Silva v. Garland*, 993 F.3d 705, 717–18 (9th Cir. 2021) (citation and internal quotation marks omitted). We deny the petition.

1. In her motion to reopen, Petitioner argues that her prior counsel was ineffective for conceding that she entered the country illegally and that she was removable. She claims now that she entered the country through a valid visa or a border crossing card. The BIA concluded that Petitioner failed to establish that she was prejudiced by her former counsel's performance. Petitioner asserts that prejudice "appears blatantly obvious" because her former attorney's deficient performance caused her to be ineligible for adjustment of status. *See* 8 U.S.C. § 1255(a).

The BIA did not abuse its discretion in denying the motion to reopen for failure to establish prejudice. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir. 2003) (explaining that a petitioner must establish prejudice to show ineffective assistance of counsel in removal proceedings). The BIA reasoned that Petitioner "cannot demonstrate that she was prejudiced by counsel's concessions" because it separately considered Petitioner's arguments that she entered the country legally when it reviewed the denial of her cancellation of removal. The BIA found Petitioner's arguments to be without merit.

2

Specifically, the BIA considered Petitioner's testimony that she entered the country legally but found it unpersuasive given that she had expressly stated that she understood and agreed with her prior counsel's position. The BIA further observed that no documentation established her legal entry. The BIA also reasonably concluded that Petitioner's possession of a border crossing card does not establish that she entered the country legally given immigration records indicating that she was encountered near the border "afoot" without legal documents.

2. In her opening brief, Petitioner did not challenge the BIA's refusal to reopen based on her request for adjustment of status or voluntary departure or its refusal to reopen sua sponte. We deem those claims forfeited. *See Gutierrez v. Garland*, 106 F.4th 866, 879–80 (9th Cir. 2024).[1]

**PETITION DENIED.**

---

[1] Petitioner's motion to stay removal pending this court's review of her petition, *see* Dkt. 4, is denied as moot.